UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>Plaintiff,<br><br>v.<br><br>M. MILLER, et al.,<br><br>Defendants. | Case No. 16-cv-00874-VC   (PR)<br><br>**ORDER RECOGNIZING COGNIZABLE CLAIMS; DISMISSING CERTAIN CLAIMS WITH LEAVE TO AMEND; DISMISSING CERTAIN CLAIMS WITH PREJUDICE; DENYING MOTION TO APPOINT COUNSEL**<br><br>Re: Dkt. No. 3 |

Kenneth Lee Taylor, an inmate at Solano State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against five officers at Pelican Bay State Prison, where he was previously incarcerated. Taylor has filed a motion for leave to proceed *in forma pauperis*, which is granted in a separate order. Taylor also requests appointment of *pro bono* counsel. This request is denied. The Court now addresses the claims asserted in Taylor's complaint.

**DISCUSSION**

**I.  Standard of Review**

A federal court must screen any case in which a prisoner seeks redress from a governmental entity, or officer or employee of a governmental entity, to dismiss any claims that: (1) are frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although to state a claim a

complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. California Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or fails to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Leer*, 844 F.2d at 633.

There is no respondeat superior liability under § 1983. *Lemire*, 726 F.3d at 1074. That is, a supervisor is not liable merely because the supervisor is responsible, in general terms, for the actions of another. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A supervisor may be liable only on a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). It is insufficient for a plaintiff to allege generally that supervisors knew about the constitutional violation or that they generally created policies and procedures that led to the violation, without alleging "a specific policy" or "a specific event" instigated by the supervisors that led to the constitutional violation. *Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).

**II. Taylor's Allegations**

Taylor's complaint alleges the following:

On May 21, 2015, Defendant Correctional Officer M. Miller of the Investigative Services Unit ("ISU") confiscated Taylor's outgoing mail addressed to his sister, Ms. Verdie Smith, without the proper notification. Miller forwarded Taylor's mail to the Institutional Gang Investigation Unit ("IGI"). The mail contained a withdrawal order from Taylor's inmate trust account in the amount of $720 with instructions to Ms. Smith to deliver portions of the $720 to four parties. The mail also contained stamped self-addressed envelopes to the four parties who were to receive portions of the $720, a graduation card to Taylor's granddaughter and thank you notes to three parties. Miller returned to Taylor the trust withdrawal form but not the other items he confiscated.

On June 17, 2015, Taylor submitted a formal request to Miller for the return of the rest of the mail that he confiscated. Miller did not respond. On July 1, 2015, Taylor submitted a request to Defendant Captain Patton of the ISU for the return of his mail, but Patton did not respond.

On July 7, 2015, Taylor filed a formal staff complaint against Miller for the illegal confiscation and retention of Taylor's outgoing mail. The second level reviewer of Taylor's complaint granted Taylor's request for the return of the confiscated mail. However, Defendant IGI Lt. J. Frisk, without the required legal notification to Taylor, retained the mail on the ground that it was gang contraband, although it had nothing to do with any gang. The reason given for the retention of the mail was that one of the parties who was to receive a portion of Taylor's $720 is related to a state inmate and Taylor was attempting to circumvent the regulation prohibiting correspondence between inmates. Taylor alleges that the person to whom he was sending money is not a relative of an inmate. Frisk retained the mail, in part, in retaliation for Taylor's past grievances and staff complaints against him.

On July 9, 2015, Defendant M. Townsend, Pelican Bay Appeals Coordinator, dismissed Taylor's formal complaint and this prevented the investigation of Taylor's claim against Miller.

On August 4, 2015, Defendant IGI Sgt. J. Puente denied Taylor's staff complaint against Miller at the second level review. Puente did this, in part, in retaliation for Taylor's previous

3

lawsuit against him.

Patton did not adequately supervise his subordinates, Miller, Puente and Frisk, thus, he allowed them to violate Taylor's constitutional rights.

**III. Claims**

Based on these allegations, Taylor asserts the following claims:  (1) claims under the First Amendment, the Fourteenth Amendment and for unspecified state torts against all Defendants for confiscating Taylor's outgoing mail; (2) an Equal Protection claim against Miller and Patton for confiscating Taylor's outgoing mail; and (3) a First Amendment retaliation claim against all Defendants.

**A. First Amendment Claim**

Liberally construed, the allegations in the complaint give rise to a cognizable First Amendment claim against Miller and Frisk for confiscating and retaining Taylor's outgoing mail. Liberally construed, the allegation that Patton did not respond to Taylor's request for the return of his mail gives rise to a cognizable First Amendment claim against him.  However, the allegation that Patton failed to adequately supervise his subordinates does not give rise to a cognizable claim against him, so the claim based on this allegation is dismissed.  *See Taylor*, 880 F.2d at 1045 (supervisor is not liable merely because he is responsible, in general terms, for actions of another). The allegations that Townsend and Puente denied or mishandled Taylor's administrative appeals do not give rise to a cognizable claim against them.  *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) ("[I]nmates lack a separate constitutional entitlement to a specific prison grievance procedure.").  An incorrect decision on an administrative appeal or a failure to handle it in a particular way does not amount to a violation of a plaintiff's constitutional rights.  *Id.*  Therefore, the claim against Townsend and Puente is dismissed.  Dismissal is without leave to amend, as amendment would be futile.

**B. Due Process Claim**

Liberally construed, the allegations that Miller and Frisk confiscated and retained Taylor's mail without notice and an opportunity for a hearing appear to give rise to a cognizable due process claim against them.  *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978)

4

(ordinarily, due process of law requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest). However, even liberally construed, the complaint does not give rise to a due process claim against Townsend and Puente for their handling of Taylor's appeals or against Patton for lack of supervision. The due process claim against these three defendants is dismissed. Dismissal is without leave to amend as amendment would be futile.

### C. State Tort Claims

Taylor alleges state tort claims against all Defendants. However, except for alleging he suffered from emotional distress, Taylor does not specify which torts Defendants committed. Further, he does not specify which Defendants' actions caused him emotional distress. Therefore, the state tort claims are dismissed with leave to amend.

### D. Equal Protection Claim

Taylor alleges that, by confiscating his outgoing mail, Miller discriminated against him because he treated him differently than similarly situated inmates "in California that's allowed to mail their personal funds to their family members." Taylor alleges that Patton is liable because he failed to adequately supervise Miller. As discussed above, the general allegation that a supervisor failed to adequately supervise a subordinate is insufficient to state a claim under section 1983. Therefore, the Equal Protection claim against Patton based on his failure to supervise is dismissed.

"To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1166 (9th Cir. 2005). Where state action does not implicate a fundamental right or a suspect classification, the plaintiff can establish an equal protection "class of one" claim by demonstrating that the state actor (1) intentionally (2) treated him differently than other similarly situated persons, (3) without a rational basis. *Gerhart v. Lake County, Montana*, 637 F.3d 1013, 1022 (9th Cir. 2011) (citing *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000) (per curiam)).

Even liberally construed, the allegations fail to give rise to an equal protection claim

against Miller. First, Taylor's comparison of his situation to that of inmates who are allowed to mail funds fails to allege that he is a member of a protected class. Second, even if he is alleging a claim based on a "class of one," he has not alleged facts showing that Miller or Patton intentionally treated him differently than other similarly situated inmates without a rational basis. The claim is dismissed without leave to amend.

### E. Retaliation Claim

Within the prison context, a viable claim of First Amendment retaliation requires an assertion that a state actor took some adverse action against an inmate because of that inmate's protected conduct, and that such action chilled the inmate's exercise of his First Amendment rights, and the action did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

Liberally construed, the allegations that Puente and Frisk withheld Taylor's mail to retaliate against him for his previous grievances and lawsuits against them give rise to a cognizable First Amendment retaliation claim against them. However, the allegations, even liberally construed, do not give rise to a cognizable retaliation claim against Miller, Patton or Townsend because there is no suggestion that these defendants knew of Taylor's previous grievances or acted to retaliate against him for filing grievances. This claim against these three defendants is dismissed with leave to amend.

### IV. Motion to Appoint Counsel

Taylor moves for the appointment of counsel "so that his interests may be protected."

"[I]t is well-established that there is generally no constitutional right to counsel in civil cases." *United States v. Sardone*, 94 F.3d 1233, 1236 (9th Cir. 1996). Nonetheless, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to "any person unable to afford counsel." The discretionary appointment of counsel typically is reserved for cases involving "exceptional circumstances." *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.' Neither of these factors is dispositive and both must be viewed together before

reaching a decision." *Id.*

Here, exceptional circumstances requiring the appointment of counsel are not evident. If, in the future, the Court concludes it is necessary to appoint counsel to represent Taylor, it shall do so *sua sponte*. The request for appointment of counsel is denied.

## CONCLUSION

Based on the foregoing, the Court orders as follows:

1. The motion to appoint counsel is denied. Dkt. No. 3.

2. The allegations, liberally construed, appear to give rise to the following cognizable claims: (1) a First Amendment claim against Miller and Frisk and a First Amendment claim against Patton based on the allegation that they did not return Taylor's mail; (2) a procedural due process claim against Miller and Frisk; and (3) a First Amendment retaliation claim against Puente and Frisk.

3. The following claims are dismissed with prejudice: (1) the First Amendment claim against Townsend and Puente and the First Amendment claim against Patton based on the supervisor allegation; (2) the procedural due process claim against Patton, Puente and Townsend; and (3) the equal protection claim against Miller and Patton.

4. The following claims are dismissed with leave to amend: (1) state tort claims against all defendants; and (2) the First Amendment retaliation claim against Miller, Patton and Townsend.

5. Taylor may, but is not required to, file a first amended complaint ("FAC") remedying the deficiencies noted above regarding the two claims that are dismissed with leave to amend.

6. If Taylor wishes to file a FAC, he must do so within **twenty-eight days** from the date of this Order. The FAC must include the caption and civil case number used in this Order and the words FIRST AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, Taylor must include in it all the allegations he wishes to present. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. However, Taylor is not required to repeat factual allegations, as he has done in his original complaint. Taylor is advised that Rule 8 of the Federal Rules of Civil Procedure only requires a complaint to allege a short and plain statement of

the claim that shows the plaintiff is entitled to relief and which puts the defendants on notice of the claims asserted against them.

Failure to amend within the designated time will result in the dismissal with prejudice of the claims that are dismissed in this Order with leave to amend. The Court will order service of Taylor's cognizable claims when it reviews his FAC, if he chooses to file one, or after the twenty-eight days have passed and Taylor has not filed an FAC.

7. It is Taylor's responsibility to prosecute this case. He must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than **ten days** prior to the deadline sought to be extended.

9. The Clerk of the Court shall send Taylor a blank civil rights complaint form.

10. This Order terminates docket number 3.

**IT IS SO ORDERED**.

Dated: April 21, 2016

_____
VINCE CHHABRIA
United States District Judge