UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH LEE TAYLOR,<br><br>        Plaintiff,<br><br>    v.<br><br>M. MILLER, et al.,<br><br>        Defendants. | Case No. 16-cv-00874-VC (PR)<br><br>**ORDER DISMISSING CERTAIN CLAIMS AND SERVING COGNIZABLE CLAIMS** |

      Kenneth Lee Taylor, an inmate at Solano State Prison proceeding *pro se*, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against officers at Pelican Bay State Prison, where he was previously incarcerated. On April 26, 2016, the Court issued an order recognizing the following claims as cognizable: (1) a First Amendment claim against Miller and Frisk and a First Amendment claims against Patton based on the allegation that they did not return Taylor's mail; (2) a procedural due process claim against Miller and Frisk; and (3) a First Amendment retaliation claim against Puente and Frisk. The Court granted Taylor twenty-eight days in which to file an amended complaint to cure deficiencies in two claims that were not cognizable. The Court stated that if Taylor did not file an amended complaint within the designated time, the non-cognizable claims would be dismissed with prejudice and the three cognizable claims would be served on the defendants. More than twenty-eight days have passed and Taylor has not filed an amended complaint.

      Based on the foregoing, the Court orders as follows:

      1. The claims the Court found to be non-cognizable are dismissed with prejudice.

      2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of

Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint (docket no. 1) and all attachments thereto and a copy of this Order and the Order Recognizing Cognizable Claims (ECF No. 7) to Correctional Officers M. Miller and B. Puente, Correctional Sergeant J. Puente and Correctional Lieutenant J. Frisk at Pelican Bay State Prison.  The Clerk shall also mail a courtesy copy of the complaint with all attachments and a copy of this Order and the Order Recognizing Cognizable Claims (ECF No. 7) to the State Attorney General's Office in San Francisco, and a copy of this Order to Taylor.

      3.  Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and the complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Taylor, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver forms.  If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), Defendants will not be required to serve and file an answer or other responsive pleading before sixty days from the date on which the request for waiver was sent.  (This allows a longer time to respond than would be required if formal service of summons is necessary.)

    Defendants are advised to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons.  If service is waived after the date provided in the Notice but before Defendants have been personally served, the answer shall be due sixty days from the date on which the request for waiver was sent or twenty days from the date the waiver form is filed, whichever is later.

      4.  The following briefing schedule shall govern dispositive motions in this action:

        a.  No later than thirty days from the date the answer is due, Defendants shall file a motion for summary judgment or other dispositive motion.  If Defendants file a motion for summary judgment, it shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56.  If Defendants are of the opinion that this

case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Taylor.

At the time of filing the motion for summary judgment or other dispositive motion, Defendants shall comply with the Ninth Circuit's decision in *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012), and provide Taylor with notice of what is required of him to oppose a summary judgment motion.

b. Taylor's opposition to the motion for summary judgment or other dispositive motion shall be filed with the Court and served on Defendants no later than twenty-eight days after the date on which Defendants' motion is filed.

Before filing his opposition, Taylor is advised to read the notice that will be provided to him by Defendants when the motion is filed, and Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Taylor is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' summary judgment motion. Such evidence may include sworn declarations from himself and other witnesses, and copies of documents authenticated by sworn declaration. Taylor will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

c. Defendants shall file a reply brief no later than fourteen days after the date Taylor's opposition is filed.

d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. No further court order pursuant to Rule 30(a)(2) is required before the parties may conduct discovery.

6. All communications by Taylor with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or counsel.

7. It is Taylor's responsibility to prosecute this case. Taylor must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

8. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fourteen</u> days prior to the deadline sought to be extended.

**IT IS SO ORDERED.**

Dated: June 28, 2016

VINCE CHHABRIA
United States District Judge